UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NATHANIEL MABRY,                                    **NOT FOR PUBLICATION**

                     Plaintiff,        **MEMORANDUM & ORDER**
                              13-CV-5018 (MKB)

     v.

CITY OF NEW YORK and NYC POLICE
DEPARTMENT,

                     Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Nathaniel Mabry, who is currently incarcerated at the Anna M. Kross
Correctional Facility at Riker's Island, brings this *pro se* action against the City of New York
and the New York City Police Department. The Court grants Plaintiff's request to proceed *in
forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff is granted 30 days leave to amend his
Complaint as detailed below. Plaintiff's request for the appointment of *pro bono* counsel is
denied without prejudice to renew at a later time.

**I.  Background**

The Complaint consists of a partial form complaint for civil rights actions pursuant to
42 U.S.C. § 1983, but it does not contain any factual allegations in support of a civil rights claim.
(Docket Entry No. 1.) The two pages of the form complaint that would normally include the
names of the defendants and the Statement of Claim are missing, and no additional allegations
are attached. In the claim for relief, the Complaint requests $1.5 million in damages for physical
injuries, along with additional damages for "duress, mental anguish and false arrest, pain and

suffering." (Compl. at 3.)[1] The Complaint also states, "Medical relief was not afforded in the full and complete capacity whereas prescriptions were not filled to the amount of $555.00." (*Id.*)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), *cert. denied*, 568 U.S. ---, 133 S. Ct. 466 (2012). "While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we are obliged to construe a *pro se* complaint liberally to raise the strongest arguments it suggests." *Bamba v. U.S. Dep't of Homeland Sec.*, --- F. App'x ---, ---, 2013 WL 5485916, at *1 (2d Cir. Oct. 3, 2013) (alteration and internal quotation marks omitted) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)

---

[1] The Complaint's pages are not consecutively paginated. In particular, pages 3 and 4 of the Complaint appear to be missing. The Court refers instead to the page numbers assigned by the Electronic Case Filing system.

and *Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009)).  If a "liberal reading of the complaint gives any indication that a valid claim might be stated," the complaint "should not [be] dismiss[ed] without granting leave to amend at least once."  *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (alteration in original) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

The Court is also required to screen a complaint "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see Pacheco v. Connecticut*, 471 F. App'x 46 (2d Cir. 2012); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Similarly, pursuant to the *in forma pauperis* statute, the Court is required to dismiss a complaint if the Court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639. "An action is frivolous if it lacks an arguable basis in law or fact — *i.e.,* if it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [that] are clearly baseless.'" *Boyle v. Town of Hammond*, 375 F. App'x 85, 86 (2d Cir. 2010) (alteration in original) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

**b.   Plaintiff has Failed to State a Claim**

In order to maintain a § 1983 action, a plaintiff must allege two essential elements.  First, "[t]he conduct at issue 'must have been committed by a person acting under color of state

3

law[.]'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  Second, the conduct "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  *Id.* (quoting *Pitchell*, 13 F.3d at 547).  In order to bring a claim pursuant to § 1983, a plaintiff must also show that each of the named individuals is personally liable for the alleged harm.

The instant Complaint does not name any individual defendant, even as John Doe, and therefore fails to allege any claim pursuant to § 1983.  In addition, the New York City Police Department ("NYPD") is not a suable entity.  The New York City Charter provides that all proceedings "shall be brought in the name of the City of New York and not in that of any agency."  N.Y.C. Admin. Code & Charter Ch. 16 § 396.  This provision has been construed to mean that the NYPD, as an agency of New York City, is not a suable entity.  *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Williams v. Dobrossy*, No. 13-CV-3231, 2013 WL 3766565, at *2 (E.D.N.Y. July 16, 2013) (same (citing *Jenkins*, 478 F.3d at 93 n.19)).  Although the City of New York may be sued, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) ("[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements:  (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." (alteration in original)).  Plaintiff does not allege any policy or custom attributable to the City.  Accordingly, both the City of New York and the NYPD are dismissed as Defendants.

Plaintiff has failed to state a claim against *any* potential defendant.  Plaintiff states that he suffered injury as a result of "false arrest," but he does not allege any facts in support of such a claim.  In light of Plaintiff's *pro se* status, the Court grants him leave to amend the Complaint, so that Plaintiff may state factual allegations in support of his claim that his civil rights have been violated and identify the individuals whom he believes to have been responsible for the alleged deprivation of his constitutional rights.  Even if plaintiff does not know the names and badge numbers of each of these individuals, he may identify each of them as John Doe Police Officer #1, or the like, along with any description he can give and the role each officer played in these incidents.  He must provide the date and location for all relevant events, describe what happened, and give a brief description of what each defendant did or failed to do in violation of his civil rights.

**III.  Conclusion**

For the reasons identified above, the Court finds that Plaintiff has failed to state a claim against the City of New York and the NYPD and therefore the Complaint is dismissed against those Defendants.  The Court grants Plaintiff leave to amend his Complaint as directed by this Order within 30 days of the date of this Order.  The Amended Complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.  The Amended Complaint shall completely replace the original complaint.  If Plaintiff fails to file an Amended Complaint within 30 days, the Complaint shall be dismissed without prejudice and a judgment shall be entered.  Plaintiff's request for the appointment of *pro bono* counsel is denied without prejudice to renew at a later time.  No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this order would not be taken in good faith and therefore *in forma pauperis*

status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED:

_____s/MKB_____
MARGO K. BRODIE
United States District Judge

Dated: November 22, 2013
        Brooklyn, New York